EDWARD L. ALLEN, Adm'r, etc, & others *vs.* R. J. BALDWIN.

February 12, 1876.

**Surviving Party to Contract cannot Testify in his own Favor if Interested in the Action.**—The answer sets up a contract between the plaintiff's intestate, on the one side, and the defendant and M. and another, on the other side. The interest of the defendant in the contract having ceased, the action, as a defence to which the contract is set up, is defended to protect the interest of M. and the other. *Held,* that not only the defendant, but the other parties on the same side of the contract, and who, though not parties of record, are parties in interest to the action, are incompetent to testify in their own favor to the contract.

Appeal by defendant from an order of the court of common pleas of Hennepin county, *Young,* J., presiding, refusing a new trial after a trial by the court without a jury.

*Benton & Benton,* for appellant.

*J. M. Shaw,* for respondents.

GILFILLAN, C. J. This was an action brought to set aside a foreclosure of a mortgage upon real estate, executed to defendant by the intestate, Stephen Comstock, and the plaintiff, Sarah E. Comstock, then his wife, to secure a note of the intestate to defendant for $5,000.00, dated May 15, 1869, and to have the mortgage decreed to have been fully paid and satisfied, and to be satisfied of record, or, if not satisfied, that an account be taken of the amount due thereon, and that plaintiffs have leave to pay such amount.

The complaint alleges, in substance, that the note and mortgage were executed solely to indemnify the defendant and the State National Bank of Minneapolis against certain liabilities of the intestate, for which the defendant or said bank had become surety, the precise nature and amount of which liabilities are unknown to plaintiffs; that all of such liabilities were in his life-time fully paid and satisfied by the intestate; and that the note and mortgage in question were thus fully paid and satisfied. The foreclosure of the mortgage was some three years after the death of the intestate.

The answer denies that the matters set up in the complaint were the only consideration for the note and mortgage, and sets out a detailed statement of the transaction in which, and the purposes for which, the note and mortgage were given. It shows, first, that they were given to indemnify defendant against liabilities of the intestate, for which defendant had become surety; and also to secure the State National Bank, of which defendant was cashier, a note for $2,500.00, dated January 16, 1869, payable in six months, executed by the intestate to the bank; and also to indemnify R. J. Mendenhall against his liability on a note for $3,949.00, dated June 25, 1867, which said Mendenhall, as surety for the intestate, executed with him. It also admits that the liabilities for which defendant had become surety were paid by the intestate, as also a part of the note to the bank, and of the note of Mendenhall and the intestate; and that, of the original matters which the note and mortgage in question were given to secure, there remained outstanding, to support the note and mortgage, at the time of the foreclosure, only the note to the bank and that of Mendenhall.

As the complaint and answer agree that the liabilities upon which defendant became surety, and to indemnify him against which the note and mortgage were given, were fully paid and satisfied by the intestate, so that it is not claimed that they any longer subsist to support the note and mortgage, they are not now a matter of controversy, and it has become immaterial what was their precise character or amount. The only question left to litigate is, were the note and mortgage given also to secure the bank note and the Mendenhall note?

The defendant insists that the plaintiffs could not, when the trial came on, rely on the statements of the answer as proof that the liabilities for which he was surety had been paid, without accepting the allegations of the answer as proof that the note and mortgage were given also to secure

the bank note and Mendenhall note, as therein alleged. It does not appear from the record that the plaintiffs attempted to do this. On the contrary, the cause appears to have been tried upon the theory that the plaintiffs must establish, by evidence, the cause of action set forth in the complaint, and they introduced distinct evidence to establish such cause of action, sufficient to justify the finding of the court.

The court does not find as a fact that the note and mortgage were given to secure the bank note and Mendenhall note, but does find they were fully satisfied. What would have been the character of the transaction, so far as might relate to the bank note and Mendenhall note, had it been found that the note and mortgage were given to secure them —whether a trust or not—is not a practical question in the case.

The only question is as to the admissibility of the testimony offered on the part of defendant to prove those facts. This was the testimony of the defendant and of Mendenhall. If it was competent to prove the part of the transaction in controversy by parol, still the testimony of these witnesses could not, under the statute, be received to prove it.

The defendant, when produced as a witness for himself, was asked: "For what was that note and mortgage given, or what was the consideration thereof?" And Mendenhall, when produced as a witness for defendant, was asked to "state to the court the circumstances under which the mortgage and note were given, and what was their consideration?" The questions refer, if to anything relevant to the issues, to the consideration for the note and mortgage, and the agreement upon which they were given, as alleged in the answer. The answer alleges that this agreement was made between Comstock, the intestate, and defendant and Mendenhall and the bank. Comstock being dead, neither of the other parties to the contract, neither defendant nor Mendenhall, can be admitted to testify as to the contract in his own favor. Defendant was not only a party to the con-

tract, but also the defendant of record to the action—the party opposed to those who claim under the deceased. Mendenhall was not only a party to the contract, but he is also one of the defendants in interest in the action. The defendant Baldwin does not claim that, at the time of the foreclosure, he had any personal interest in the note and mortgage. He claims that they were alive only by reason of the interest of Mendenhall and the bank, and it is the interest of Mendenhall and the bank which he is defending. Mendenhall, being directly interested to sustain the mortgage and the foreclosure, is, when he testifies in the case, testifying in his own favor as much as though he were named a party to the action in the record. He, therefore, as well as the defendant, was—the other party to the contract being dead—incompetent to testify to the contract.

Order affirmed.